**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4276

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JAMES K. LARBI,

Defendant – Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Benson Everett Legg, District Judge.
(1:05-cr-00088-BEL-2)

Submitted:  September 15, 2011      Decided:  September 29, 2011

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge,
Maryland, for Appellant.   Philip S. Jackson, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James K. Larbi appeals the eighty-seven-month sentence imposed following his guilty plea to conspiracy to possess with the intent to distribute heroin, in violation of 21 U.S.C. § 846 (2006). Counsel for Larbi filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but noting that Larbi believed trial counsel rendered ineffective assistance. Larbi filed a pro se supplemental brief, arguing that his guilty plea was rendered unknowing and involuntary by (1) the arresting officers' failure to inform him of his right to speak with the Ghanaian consulate; and (2) the district court's failure to review with Larbi his appellate waiver.

Appellate counsel for Larbi questions whether trial counsel rendered ineffective assistance in failing to request and obtain a lesser sentence. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes that counsel provided ineffective assistance. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Larbi's claim is not ripe for review because the record contains no conclusive evidence that counsel was ineffective.

Larbi's pro se supplemental brief challenges the validity of his guilty plea. Prior to accepting a guilty plea, the district court must inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F2d. 114, 116, 120 (4th Cir. 1991). The purpose of the Rule 11 colloquy is to ensure that the plea of guilty is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002).

Because Larbi did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, the colloquy is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). Mindful of these standards, we have reviewed the record and conclude that Larbi's pro se claims do not entitle him to relief. Accordingly, we hold that the district court did not plainly err in conducting the Rule 11 colloquy or in accepting Larbi's guilty plea.

In accordance with Anders, we have examined the entire record and find no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Larbi, in writing, of his right to petition the Supreme Court of the United States for further review. If Larbi requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Larbi. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED